UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK ANTHONY CONLEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-700-GSL-AZ |
| STEPHEN TABLER, et al., | |
| Defendants. | |

OPINION AND ORDER

Mark Anthony Conley, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. (ECF 14.) Upon review of his response (ECF 15), the case will proceed to screening under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2). He filed a second motion for leave to proceed in forma pauperis (ECF 5), but he was already granted leave to proceed in forma pauperis in this case. (ECF 3.) His motion will be denied as unnecessary.

As required by 28 U.S.C. § 1915A, the court must screen the amended complaint (ECF 4) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Conley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Conley alleges that on June 23, 2024, he was brought to the Pulaski County Jail as a pretrial detainee. While he was in the garage area, Correctional Officers Daniel Ross and Ross Rienholt allegedly used excessive force against him. He claims Officer Ross used a taser on him while he was handcuffed and not posing a threat. He further claims the two officers dragged and yanked him by his arms, exacerbating a shoulder injury, and dropped him on his head on a cement floor. Based on this incident, he sues the two officers and Jail Commander Stephen Tabler for money damages and other relief.[1]

Because Conley was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To allege an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, and the extent of any injuries the plaintiff suffered. *Id.* at 397.

---

[1] He mentions wanting an "injunction" without specifying what relief he is seeking. (ECF 4 at 4.) The court notes that he is no longer in the custody of the Defendants and is now at another correctional facility. (ECF 11.) He will not be granted leave to proceed on a claim for injunctive relief.

Under these standards, Conley has alleged a plausible excessive force claim against Officers Ross and Rienholt. He claims he was handcuffed and not posing any threat, but these officers tazed him, injured his shoulder, and dropped him head-first on a cement floor. At this stage, the court must accept his account as true.[2] He will be permitted to proceed on a claim for damages against these individuals.

As for the Commander, there is no indication this high-ranking official had any personal involvement in the use-of-force incident. Conley appears to be trying to hold him responsible because of his position, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He mentions that the Commander denied a grievance he filed about this incident, but "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). Thus, "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Id.; see also Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). Conley has not alleged a plausible constitutional claim against the Commander.

For these reasons, the court:

---

[2] The court notes that Conley was charged with battery on a public safety officer in connection with this incident but was later acquitted of the charge. *See State v. Conley*, No. 66D01-2406-F6-000094 (Pulaski Sup. Ct. order closed Sept. 3, 2024). He was convicted of intimidation, apparently because he made threats of physical harm to the officers who arrested him. *See id.* At present, it does not appear that *Heck v. Humphrey*, 512 U.S. 477 (1994), poses a barrier to his excessive force claim against the jail officers, but Defendants remain free to raise this as a defense at a later stage if appropriate.

(1) GRANTS the plaintiff leave to proceed against Officer Daniel Ross and Officer Ross Rienholt in their personal capacity for money damages for using excessive force against him on or about June 23, 2024, in violation of the Fourteenth Amendment;

(2) DISMISSES Stephen Tabler as a defendant;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Daniel Ross and Officer Ross Rienholt at the Pulaski County Jail and to send them a copy of this order and the amended complaint (ECF 4);

(5) ORDERS the Pulaski County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who cannot be served at the Pulaski County Jail, to the extent this information is available;

(6) ORDERS Officer Daniel Ross and Officer Ross Rienholt to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this order; and

(7) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 5).

SO ORDERED on January 2, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT